# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

SOLOMON V. LATTIMER AND DAVID B. WINTON, APPELLANTS, *v.* SEBA A. HILL AND OTHERS, RESPONDENTS.

*Judge's charge — objections to — when they may be first made, on appeal — Indorsement — of note — liability on, may be limited by the terms of its delivery.*

APPEAL from a judgment in favor of the defendants, entered on the verdict of a jury, and from an order denying a new trial.

This action was brought against the defendants as makers and indorsers of a promissory note. The indorsers alone defended.

The making and indorsement of the note was not disputed. The answer contained among other defenses, that the note was indorsed for, and at the request of plaintiffs, plaintiffs at the time agreeing that indorsers should not, nor should either of them, be held responsible for the payment of the note, and plaintiffs would withhold the amount of the note out of moneys plaintiffs were to pay on a building contract, and that plaintiffs paid to the makers of the note upon said building contract, after the note was given and after it became due, more than enough to satisfy said note.

On the trial at the Circuit, before DWIGHT, J., defendant Arthur Hill testified that he was present when the note in suit was indorsed by his brother. Winton, one of the plaintiffs, asked him to indorse it; he (the brother) objected a little. Winton told him he need have no fears of being responsible on the note because they were keeping back twenty per cent of the money that was to be paid to the makers of note, to pay parties purchasing material for the bank, to see that they would have their pay, and his signing the note was a mere form that they had to live up to, and could not consent to pay the money unless he signed it.

Seba Hill, the other indorser, swore to the same state of facts.

The plaintiffs denied having made the statements testified to by the Messrs. Hill.

No objection was taken on the part of the plaintiffs to the evidence as to agreement under which plaintiffs received the note.

On this branch of the defense the court charged the jury that they should consider the evidence bearing upon the transaction at the bank when the note was presented and indorsed, and if they should find that plaintiffs took the note under an agreement not to hold the defendants responsible, but to charge the same in account to the makers, the plaintiffs could not recover.

The counsel for the indorsers did not, on the trial, except to this part of the charge, but, on the appeal, insisted that that part of the charge above cited was erroneous, and he is now entitled to the benefit of an exception to it, although the evidence in reference to which the charge was given was not excepted to, nor the charge itself.

The court at General Term say : " If the charge is erroneous it is the duty of the court to grant a new trial, as the failure to except did not injure the plaintiff.

There was no evidence they could give that would entitle the plaintiff to recover. (*Penfield* v. *Rich*, 1 Wend., 380 ; *Archer* v. *Hubbell*, 4 id., 514 ; *Lawrence* v. *Barker*, 5 id., 301 ; *Benedict* v. *Johnson*, 2 Lans., 94.)

Although it is well settled that a contract cannot be contradicted or varied by parol, yet it is equally well settled that a party making such a contract, can annex to the delivery of such a contract such conditions as he may deem proper, and if such conditions are not performed he will be discharged from liability thereon. (*Benton* v. *Martin*, 52 N. Y., 570.) FOLGER, J., in this case says : ' Clearly, it was competent to show the terms upon which the duplicate was delivered, and for the defendant to limit and restrict his liability thereby, and to protect himself by them against any liability. Instruments not under seal may be delivered to the one to whom upon their face they are made payable, or who, by their terms, is entitled to some interest or benefit under them, upon conditions, the observance of which is essential to their validity, and the annexing such conditions to the delivery, is not an oral contradic-

tion of the written obligations though negotiable, as between the parties to it or others having notice.'

It needs a delivery to make the obligation operative at all, and the effect of the delivery and the extent of the operation of the instrument, may be limited by the conditions with which the delivery is made.

To the parties to the contract it matters very little, whether the indorser of a note declares verbally, at the time of indorsing the note, that unless certain conditions are performed or certain contingencies happen he will not be liable, or whether, at the time of delivery, he annexes verbally the same conditions. If he gets the benefit of the defense, it is no matter to him in which of the two ways it is attained.

To hold an indorser to liability when he annexes conditions, by which he is in certain contingencies to be wholly released from liability, would be a gross fraud upon him, and it is on this ground that courts in Pennsylvania hold that the indorser, on proof of the failure to comply with the conditions annexed by parol to the indorsement, is held to be discharged. (Byles on Bills, 96, note 1 ; *Prentiss* v. *Graves*, 33 Barb, 621.)

In *Bruce* v. *Wright* (5 N. Y. S. C., 81), this court held that parol evidence was admissible to show that defendant indorsed such note for the purpose of transferring title only, and upon an agreement with plaintiff that he should not be held liable thereupon.

The limitation of liability attached itself to the delivery, if it could not restrict the contract of the indorsement."

*J. W. & H. J. Dininny*, for the appellants. *A. Hadden*, for the respondents.

Opinion by Mullin, P. J.

Present — Mullin, P. J., Smith and Talcott, JJ.

Judgment reversed and new trial granted, costs to abide event.